# CASES IN CHANCERY.

---

## WILLIAM GRANT *v.* ROBERT CHAMBERS.

M. conveyed land to C., and C. gave a defeazance providing for reconveyance to M. on his paying &c. M. filed a bill to redeem; and after answer and replication and some proofs in the case, died. G. filed a bill, stating the proceedings on M.'s bill; and that M., in his life-time, conveyed all his interest in the premises to him, G.; and that administration of the personal estate of M. had been granted to him, G.; and praying that the said suit of M. might stand revived &c.; without saying in what character G. sought to revive. C. pleaded that H. was the true administrator of the personal estate of M., and not G. Plea sustained.

What kind of a bill should G. file, as assignee of M. after M.'s bill was filed, in order to get the benefit of the proceedings in the suit brought by M., if such benefit could be obtained in the case.

*Semble,* that it should be an original bill in the nature of a bill of revisor and supplemental bill.

The case appears sufficiently in the opinion delivered by the Court.

*W. Halsted* in support of the plea.

*S. R. Hamilton* contra.

THE CHANCELLOR. In Feb. 1827, James Mountier, for $200, conveyed a house and lot to Robert Chambers; and at the same time Chambers executed to Mountier a deed of defeazance, by which it was provided, that Mountier was to continue in possession if he paid the interest, taxes &c. and kept the premises in repair, and to have five years to pay the principal; on the payment of which, with the interest, &c., Chambers was to recon-

vey the premises to Mountier. And if Mountier neglected to pay the interest and keep the premises in repair, Chambers was to enter and take the rents and profits for the purpose of defraying the interest, &c.

After a year or more, Chambers went into possession and received the rents and profits.

In May, 1829, Mountier filed his bill to redeem, stating that he had tendered to Chambers the principal, interest, &c.

In May, 1830, Chambers put in an answer to that bill.

A replication was filed June 19, 1830.

On the 2d of July, 1830, two witnesses were examined on the part of the complainant, Mountier.

On the 20th of July, 1830, Mountier died, intestate.

On the 26th of March, 1847, a bill was filed by Wm. Grant, stating that Mountier, in 1829, exhibited his bill against Chambers stating as therein stated, and praying as therein prayed; that a subpena was issued on that bill and served; that Chambers put in his answer to that bill; that after that cause was at issue and testimony had been taken on the part of the complainant M., the said complainant died intestate, on or about July 20, 1830, whereby the said suit became and was abated; that Mountier, in his life time, sold and conveyed to him, Grant, all his title and interest in the said premises, for the redemption and recovery of which the said bill was filed; and that, by reason thereof, he, Grant, being in equity the owner of the premises, is entitled to the benefit of the said suit, and to have the said suit and proceedings revived and put in the same plight and condition as the same were in at the time of such abatement. And, to the end that the said suit and proceedings may stand revived and be in the same plight and condition as, &c., or that Chambers may show cause to the contrary, praying a subpena to revive, to be directed to Chambers, commanding him to appear and show cause why the said suit should not be revived, and stand in the same plight, &c. There is in this bill a clause introduced in a parenthesis, after the statement of the death of Mountier, stating that letters of administration of the personal estate of Mountier were subsequently granted to him, Grant.

But there is no express language in the bill indicating in what

character Grant seeks to revive; whether as administrator or in his own right as the alienee of the equity of redemption.

It is not said expressly in the bill when the equity of redemption was conveyed to Grant; whether before or after Mountier filed his bill; but, taking the whole sentence respecting the transfer of the equity of redemption together, I presume it is intended to say that the transfer of the equity of redemption to Grant was subsequent to the filing of Mountier's bill to redeem.

To this bill filed by Grant, Chambers has pleaded that, after the death of Mountier, and on the 27th of January, 1831, administration of the personal estate of Mountier was granted to Thos. N. Hamilton, and that the bill should have been filed in his name as administrator, and not in the name of Grant.

The plea, no doubt, was put in under the idea that Grant's bill intended to pray a revivor in his character of administrator; in which case the plea that another was the true administrator, and not Grant, would be good.

Considering the uncertainty of the bill in this respect, perhaps a plea was the only safe course for the defendant; for he could not in a demurrer allege the fact of administration having been granted to Hamilton.

If it had been certain from Grant's bill that he intended to ask a revivor in his own right, as alienee after Mountier had filed his bill, a demurrer might have been the course the defendant would have adopted.

Grant's bill being a simple bill of revivor, it may be that the defendant might have demurred to it on the ground that, if it intended to ask revivor in the character of administrator, the administrator is not the proper person to revive; and if it intends to ask revivor in Grant's own right as assignee of the equity of redemption after Mountier's bill was filed, a simple bill of revivor would not be sufficient. But another course was preferred, it seems, by the defendant's counsel. And I think that, from the shape of the bill, he was at liberty to suppose its object to be to revive as administrator; and in that view he might say that, if an administrator can revive in such a case, Hamilton was the administrator. And the only way he could get advantage of that would be by plea.

I do not see that, as the bill stands, the plea can be over-ruled.

The only thing the court can do is to allow the complainant, Grant, to amend his bill so far as to say in what character he seeks to revive; whether as administrator or as alienee after Mountier's bill was filed.

But there is another question beyond that which had better be considered by the counsel for Grant, before he proceeds further.

His object, no doubt, is to get the benefit of the former suit and proceedings in the name of Mountier.

He should consider, then—1st. Whether Grant should ask to revive as administrator or as alienee.

2d. If he determines to proceed as alienee after Mountier's suit was commenced, what kind of a bill is necessary ; and whether this bill is sufficient, or whether, if the benefit of the former proceedings can be obtained, it would not be necessary to file an original bill in the nature of a bill of revivor and supplemental bill.

It would not be right for me to anticipate and decide these questions.

Plea sustained.